FILED
U.S. DISTRICT COURT
'11 MAR 31 AM...
CLERK_____
SO. DIST. OF GA.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## STATESBORO DIVISION

DAVID EARL JONES,

    Plaintiff,

v.                                   CIVIL ACTION NO.: CV611-007

DANNY THOMPSON, WAYNE
JOHNSON; Dr. TAYLOR;
Dr. YOUNG; WAYNE BENNETT;
and Dr. GUNDERSON,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently confined at Smith State Prison in Glennville, Georgia, filed an action pursuant to 42 U.S.C. § 1983. An inmate proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

AO 72A
(Rev. 8/82)

claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C.A. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F. 3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F. 3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F. 3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff states that in 2008 he pled guilty to the charges against him on the condition that he be allowed to have surgery for a herniated disk. Plaintiff says his treating physician, Dr. Gold, notified the court that Plaintiff's surgery was necessary and should be completed as soon as possible. Plaintiff states he was scheduled to have the surgery with Dr. Gold, but on the day of his appointment, Dr. Gold had been called to the hospital for an emergency, and Plaintiff was told he needed to reschedule his appointment. Plaintiff claims Dr. Young and Dr. Gunderson told him he could not receive the surgery. Plaintiff says he was referred to a neurosurgeon in Atlanta, but his records weren't sent with him on three occasions, so the doctor would not treat him.

Plaintiff states he complained about this to Dr. Taylor and Defendant Johnson, but nothing has been done.

Plaintiff names Sheriff Wayne Bennett and Warden Danny Thompson as Defendants in this case. A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). It appears that Plaintiff attempts to hold these defendants liable based solely on their supervisory positions. In § 1983 actions, liability must be based on something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor and Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998).

Plaintiff's cognizable claims are addressed in an Order of even date.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Wayne Bennett and Danny Thompson be **DISMISSED** as defendants in this case.

**SO REPORTED** and **RECOMMENDED**, this 31 day of March, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE