FILED
U.S. DISTRICT COURT
2011 JUL 18 AM 8:48
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

DAVID EARL JONES,

    Plaintiff,

v.

WAYNE JOHNSON; JOSEPH TAYLOR;
Dr. ZELLNER YOUNG; Dr. JEFFREY
GUNDERSON; DANNIE THOMPSON;
and WAYNE BENNETT,

    Defendants.

CIVIL ACTION NO.: CV611-007

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff David Jones ("Plaintiff"), who is currently incarcerated at Smith State Prison in Glennville, Georgia, filed a cause of action, as amended, pursuant to 42 U.S.C. § 1983. Defendants Dannie Thompson, Wayne Johnson, Joseph Taylor, and Zellner Young ("Movants") filed a Motion to Dismiss. Plaintiff filed a Response, and Movants filed a Reply. Plaintiff filed a Surreply. For the reasons which follow, Movants' Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff states that in 2008 he pled guilty to the criminal charges against him on the condition that he be allowed to have surgery for a herniated disk. Plaintiff says his treating physician, Dr. Gold, notified the court that Plaintiff's surgery was necessary and should be completed as soon as possible. Plaintiff states he was scheduled to have the surgery with Dr. Gold, but on the day of his appointment, Dr. Gold had been called to

the hospital for an emergency, and Plaintiff was told he needed to reschedule his appointment. Plaintiff claims Defendant Young told him he could not receive the surgery. Plaintiff says he was referred to a neurosurgeon in Atlanta, but his records were not sent with him on three (3) occasions, so the doctor would not treat him. Plaintiff states he complained about this to Defendant Taylor and Defendant Johnson, but nothing has been done. Plaintiff states he wrote Defendant Warden Thompson and spoke with him about having his surgery. Plaintiff states Defendant Thompson told Plaintiff that he would get back with him but never did.

Movants contend that Plaintiff fails to state an Eighth Amendment claim against them. Movants also contend that they are entitled to qualified immunity. Movants further contend that they are not persons in their official capacities under section 1983, and Plaintiff's monetary damages claims against them in their official capacities cannot be sustained.

## **STANDARD OF REVIEW**

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This "pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" does not suffice. Id. (internal punctuation and citation omitted).

AO 72A
(Rev. 8/82)

In order to "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal punctuation and citation omitted). While a court must accept all factual allegations in a complaint as true, this tenet "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. Id.

## DISCUSSION AND CITATION TO AUTHORITY

Movants aver that, by Plaintiff's own admission, he has received continuous medical treatment while incarcerated at Smith State Prison. Movants allege that Plaintiff's assertions go to his disagreement with the course of his treatment but do not rise to the level of a constitutional violation. Movants contend that Plaintiff is required to allege that each of them was aware of a serious risk of harm and disregarded that risk by more than negligent conduct. Movants also contend that, even if Plaintiff states a viable constitutional violation, he does not state such a violation against them because they, as non-medical personnel, relied on the judgment of medical personnel.

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon a prison official to take reasonable measures to

3

AO 72A
(Rev. 8/82)

guarantee the safety of inmates. The standard for cruel and unusual punishment, embodied in the principles expressed in Estelle v. Gamble, 429 U.S. 97, 104 (1976), is whether a prison official exhibits a deliberate indifference to the serious medical needs of an inmate. Farmer v. Brennan, 511 U.S. 825, 828 (1994). However, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Estelle, 429 U.S. at 105). Rather, "an inmate must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994).

In order to prove a deliberate indifference claim, a prisoner must overcome three obstacles. The prisoner must: 1) "satisfy the objective component by showing that [he] had a serious medical need"; 2) "satisfy the subjective component by showing that the prison official acted with deliberate indifference to [his] serious medical need"; and 3) "show that the injury was caused by the defendant's wrongful conduct." Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007). A medical need is serious if it "'has been diagnosed by a physician as *mandating* treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Id. (quoting Hill, 40 F.3d at 1187) (emphasis supplied). As for the subjective component, the Eleventh Circuit has consistently required that "a defendant know of and disregard an excessive risk to an inmate's health and safety." Haney v. City of Cumming, 69 F.3d 1098, 1102 (11th Cir. 1995). Under the subjective prong, an inmate "must prove three things: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." Goebert, 510 F.3d at 1327.

4

"The meaning of 'more than gross negligence' is not self-evident[.]" Goebert, 510 F.3d at 1327. In instances where a deliberate indifference claim turns on a delay in treatment rather than the type of medical care received, the factors considered are: "(1) the seriousness of the medical need; (2) whether the delay worsened the medical condition; and (3) the reason for the delay." Id. "When the claim turns on the quality of the treatment provided, there is no constitutional violation as long as the medical care provided to the inmate is 'minimally adequate.'" Blanchard v. White Co. Det. Center Staff, 262 F. App'x 959, 964 (11th Cir. 2008) (quoting Harris, 941 F.2d at 1504). "Deliberate indifference is not established where an inmate received care but desired different modes of treatment." Id.

A review of the pleadings in this case reveals that Plaintiff cannot sustain an Eighth Amendment cause of action against Movants. Specifically, Plaintiff's allegations against Defendants Johnson and Thompson fail to state a legally sufficient cause of action for several reasons. First, Defendants Thompson and Johnson, as Warden and Deputy Warden, respectively, are not trained medical personnel; accordingly, Defendants Thompson and Johnson are permitted to rely on the opinions of trained medical personnel for the medical treatment of the inmates under their care. Rutledge v. Lift, No. 307-55, 2009 WL 2842739, at *8 (S.D. Ga. July 22, 2009) (citing Waldrop v. Evans, 681 F. Supp. 840, 848-49 (M.D. Ga. 1998), for the proposition that prison administrators who are not medical professionals must rely on the decision of trained professionals regarding care provided to inmates). In addition, the rejection of a grievance is not a sufficient basis for liability. Robinson v. Owens, No. CV509-56, 2011 WL 474976, at *2 (S.D. Ga. Jan. 4, 2011); Pressley v. Beard, No. Civ. 3:CV-04-2535,

AO 72A
(Rev. 8/82)

2005 WL 2347369, at *4 (M.D. Pa. Sept. 26, 2005) (noting that liability cannot be placed on a prison official because the official failed to take corrective action following the plaintiff's unsuccessful grievance). Finally, Defendants Thompson and Johnson hold supervisory positions within Smith State Prison, and it appears Plaintiff seeks to hold these Defendants liable based on these supervisory positions. (Doc. No. 45, pp. 4-5). However, liability in a section 1983 cause of action cannot be based on the doctrine of respondeat superior. Craig v. Floyd Co., Ga., No. 10-13225, ___ F.3d ___, 2011 WL 3437643, at *3 (11th Cir. June 20, 2011).

Plaintiff likewise cannot sustain a cause of action against Defendants Taylor and Young based on the Eighth Amendment. Plaintiff contends that Defendant Taylor, as the Health Services Administrator, did not inform Plaintiff when the Utilization Management Committee disapproved Plaintiff's appointment or resubmit the request. Plaintiff also contends that Defendant Taylor told him that his medical needs were being addressed and that the desired surgery was expensive, but he would seek a medical reprieve on Plaintiff's behalf. (Doc. No. 29, pp. 10-11). Plaintiff alleges that Defendant Young repeatedly sent consultation requests on Plaintiff's behalf with neurologists. (Id. at p. 11; Doc. No. 45, p. 2). Plaintiff's allegations against Defendants Taylor and Young do not reveal that these Defendants were deliberately indifferent to his serious medical needs. Instead, the pleadings before the Court reveal that Plaintiff received treatment for his back issues. As Plaintiff admits, he disagrees with the course of his treatment (Doc. No. 56, p. 5), but this is an insufficient basis for a deliberate indifference claim. In sum, Plaintiff has offered nothing more than "[t]hreadbare recitals of the elements" of an Eighth Amendment claim against Movants. Iqbal, ___ U.S. at ___, 129 S. Ct. at 1949.

6

It is unnecessary to address the remaining grounds of Movants' Motion.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Movants' Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that the allegations against Movants Johnson, Thompson, Taylor, and Young set forth in Plaintiff's Amended Complaint be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 18th day of July, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE