FILED
U.S. DISTRICT COURT
2012 JAN 11 PM 1:49
C. ?o\_ ~—
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

DAVID EARL JONES,

    Plaintiff,

v.      CIVIL ACTION NO.: CV611-007

Dr. JEFFREY GUNDERSON
and WAYNE BENNETT,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed a cause of action pursuant to 42 U.S.C. § 1983 alleging that Defendants Wayne Bennett ("Bennett") and Dr. Jeffery Gunderson ("Gunderson") violated his constitutional rights while he was detained at the Glynn County Detention Center in Brunswick, Georgia. On October 5, 2011, Defendants filed Motions for Summary Judgment. The Clerk of Court mailed Notices to Plaintiff advising him that Defendants filed Motions for Summary Judgment and that responses must be filed by October 31, 2011. (Doc. Nos. 70, 71). Those Notices further advised Plaintiff that:

1. If you do not timely respond to this motion . . ., the consequence may be that the Court will deem the motion unopposed, and the Court may enter judgment against you.

2. If your opponent's Statement of Material Facts sets forth facts supported by evidence, the Court may assume that you admit all such facts unless you oppose those facts with your own Statement of Material Facts which also sets forth facts supported by evidence.

AO 72A
(Rev. 8/82)

3. If a summary judgment motion is properly supported, you may not rest on the allegations in your [Complaint] alone.

Plaintiff filed a Motion for Extension of Time to Respond to Defendants' Motions for Summary Judgment, which was granted by an Order of this Court requiring Plaintiff to file responses by December 30, 2011. (Doc. No. 74). Plaintiff has failed to file a response to Defendants' Motions for Summary Judgment. For the following reasons, Defendants' Motions should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff alleges that Defendant Gunderson, medical director of Glynn County Detention Center, was legally responsible for all of his medical needs while he was an inmate and that Defendant Gunderson refused him a necessary surgery. Plaintiff alleges that Defendant Bennett, sheriff of Glynn County, was legally responsible for his care, treatment, and safety and that Defendant Bennett knew of his medical needs but had him transferred to a different facility before surgery could be performed.

Defendants contend, among other things, that Plaintiff's claims against them are time-barred by the statute of limitation. Defendants state that Plaintiff was detained at the Glynn County Detention center from February 11, 2008, to February 28, 2008. Plaintiff's Complaint was filed on January 24, 2011. Defendants assert that Plaintiff filed his complaint roughly ten months after the statute of limitation for his cause of action expired.

## STANDARD OF REVIEW

Summary judgment "shall" be granted if "the movant[s] show[ ] that there is no genuine dispute as to any material fact and that the movant[s are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute about a material fact is genuine

AO 72A
(Rev. 8/82)

and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, there must exist a conflict in substantial evidence to pose a jury question." Hall v. Sunjoy Indus. Group, Inc., 764 F. Supp. 2d 1297, 1301 (M.D. Fla. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986) and Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989)).

The moving parties bear the burden of establishing that there is no genuine dispute as to any material fact and that they are entitled to judgment as a matter of law. See Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no "genuine dispute[s] as to any material fact and the movant[s] [are] entitled to judgment as a matter of law." Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. See id. (citing Celotex v. Catrett, 477 U.S. 317, 322-23 (1986)). In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee County, Fla., 630 F.3d 1346, 1353 (11th Cir. 2011).

## DISCUSSION AND CITATION TO AUTHORITY

In cases brought pursuant to § 1983, federal courts apply the statute of limitation for personal injury actions in the state where the court sits. Lovett v. Ray, 327 F.3d

AO 72A
(Rev. 8/82)

1181, 1182 (11th Cir. 2003). The Court of Appeals for the Eleventh Circuit has held that "the proper limitations period for all section 1983 claims in Georgia is the two year period set forth in O.C.G.A. § 9-3-33 for personal injuries." Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986); see also Lovett, 327 F.3d at 1182. The statute of limitation begins to run when "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Lovett, 327 F.3d at 1182 (quoting Rozar v. Mullis, 85 F.3d 556, 561–62 (11th Cir. 1996)).

Defendants contend that Plaintiff's claims are time-barred by the two-year statute of limitation applicable to his cause of action. It is undisputed that Plaintiff was transferred from the Glynn County Detention Center on February 28, 2008. (Doc. Nos. 68-1, p. 1 and 69-1, p. 1). This uncontested material fact supports Defendants' assertions that Plaintiff's Complaint is time-barred. At the time he was transferred from the Glynn County Detention Center, Plaintiff was aware of the treatment he had received at that facility. As a result, the facts which would support a cause of action for deliberate indifference to his medical needs were apparent to Plaintiff on February 28, 2008. The statute of limitation for Plaintiff's cause of action expired on March 1, 2010.[1] Plaintiff did not file his complaint until January 24, 2011. (Doc. No. 1). Plaintiff has offered no evidence which shows a genuine dispute of any material fact regarding whether his complaint it time-barred.

It is unnecessary to address the remaining portions of Defendants' Motions.

---

[1] February 28, 2010, was a Sunday.

AO 72A
(Rev. 8/82)

4

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motions for Summary Judgment be **GRANTED** and that Plaintiff's Complaint be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 17th day of January, 2012.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)